**EXHIBIT A**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004411-CA-01

STEEL MEDIA GROUP, LLC,
    Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

    Defendants

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this lawsuit on the Defendant as follows:

**HAROLD LEWIS**
**5 Lakeview Ct.**
**Lake St. Louis, MO 63367**

DATED on this _____ day of April, 2022.

### CLERK OF THE CIRCUIT COURT

By_____ As Deputy Clerk

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached Complaint with the clerk of this court. A phone call will not
protect you. Your written response, including the case number given above and the names of the parties,
must be filed if you want the Court to hear your side of the case. If you do not file your response on time,
you may lose the case, and your wages, money, and property may thereafter be taken without further
warning from the Court. There are other legal requirements. You may call an attorney right away. If you
do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone
book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the Plaintiffs' attorney named below.

## IMPORTANTE

Usted ha sidodemandadolegalmente. Tiene 20 dias, contados a partir del recibo de estanotificacion, para contestar la demandaadjunta, porescrito, y presentarla ante este tribunal. Unallamadatelefonica no lo protegera. Si usteddesea que el tribunal consideresudefensa, debepresentarsurepuestaporescrito, incluyendo el numerodelcaso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudieseperder el caso y podriaserdespojado de susingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotrosrequisitoslegales. Si lo desea, ustedpuedeconsultar a unabogadoimmediatamente. Si non conoce a unabogado, puedellamar a una de las oficinas de asistencia legal que aparecenenen la guiatelefonica.

Si desea responder a la demandaporsucuenta, al mismotiempoen que presentasurespuesta ante el tribunal, deberaustedenviarporcorreo o entregarunacopia de surespuesta a la persona denominadaabajocomo "Plaintiff's Attorney" (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuitesjudiciaresonteteentreprisescontrevous. Vousavez 20 joursconsecutifs a partir de la date de l'assignation de cette citation pour deposer unereponseecrite a la plainte ci-jointeaupres de ce Tribunal. Un simple coup de telephone estinsuffisant pour vousproteger; vousetes oblige de deposer votrereponsecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommeesici, sivoussouhaitezque le Tribunal entendevotre cause. Si vous ne deposezsouhaitezque le Tribunal entendevotre cause. Si vous ne deposez pas votrereponsecritedans le relairequis, vousresquez de perdre la sauseainsiquevotresalaire, votre argent, etvosbienspeuventetresaisis par la suite, sans aucunpreavisulterieur du Tribunal. Il y a d'autres obligations juridiques et vouspouvezrequerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vouspourrieztelephoner a un service de reference d' avocatsou a un bureau d'assistancejuridique (figurant a l'annuaire de telephones).

Si vouschoisissez de deposer vous-meme unereponseecrite, ilvousfaudraegalement, en meme temps quecetteformalite, faire parvenirouexpedierunecopie de votrereponseecrite au "Plaintiff's Attorney" (Plaignantou a son avocat) nomme ci-dessous.

**RECALDE LAW FIRM, P.A.**
**Attorneys for Plaintiff**
**1815 Purdy Avenue**
**Miami Beach, FL 33139**
**Tel: (305) 792-9100**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:

STEEL MEDIA GROUP, LLC,
    Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

    Defendants
_____/

### **COMPLAINT**

Plaintiff, STEEL MEDIA GROUP, LLC ("STEEL MEDIA" or "Plaintiff"), by and through their undersigned attorneys, sue Defendants HAROLD LEWIS, an individual ("Lewis"), and RICHIE BROWNE, an individual ("Browne") (collectively, "Defendants") and alleges as follows:

### **JURISDICTION AND VENUE**

1.    STEEL MEDIA is a Florida limited liability company with principal place of business in Miami, Florida.

2.    Defendant LEWIS is an individual, over the age of 18, and is otherwise sui juris.

3.    Defendant BROWNE is an individual, over the age of 18, and is otherwise sui juris.

4.    Venue is proper in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida because the actions, facts, events and representations that gave rise to this cause of action occurred in Miami, Florida.

5.    This is a cause of action for, inter alia, damages caused by Defendants arising out of transactions and representations made in Miami-Dade County, Florida.

6.     The Plaintiffs seeks damages in excess of $30,000, exclusive of costs, legal fees and interests.

7.     All conditions precedent to the filing of this action have occurred, are deemed waived, excused, or are otherwise satisfied.

8.     The Plaintiffs have retained the Recalde Law Firm, P.A. to represent them in the prosecution of this action and are obligated to pay said law firm a reasonable fee for its services.

## NATURE OF THE ACTION

9.     This is an action for fraud, unjust enrichment, conversion, and civil theft, against the Defendants stemming from Defendants' fraudulent misrepresentations made by the Defendants to the Plaintiff in connection with a sale of tickets to the National Football League ("NFL")'s Super Bowl LIV sporting event (the "Super Bowl").

## GENERAL ALLEGATIONS

10.     On or about December 17, 2019, non-party Luis Rodriguez, the principal of Steel Media Group, LLC, held a telephone call with Browne and Lewis, during which call Browne and Lewis represented to Rodriguez that they could supply Steel Media with forty (40) Super Bowl tickets, and that those tickets were located in the stadium's lower level endzone.

11.     During the December 17, 2019 call, Browne and Lewis further represented to Rodriguez that, if Steel Media were to acquire all forty (40) lower level endzone Super Bowl tickets, at $4,500 per ticket, Browne and Lewis would be able to procure an additional fifty to one hundred (50 – 100) *additional* lower level Super Bowl tickets.

12.     Browne and Lewis represented that they were able to secure these unique and valuable Super Bowl tickets because of Browne's high position within the Anheuser-Busch organization, and contacts within the National Football League ("NFL") organization.

2

13.     Lewis and Browne formed a text-message group with Rodriguez, in which Browne provided Rodriguez with wire instructions in order for Rodriguez to send the funds for the ticket purchase.

14.     On or about December 30, 2019, Rodriguez and Maxx Leppselter, on behalf of Steel Media, sent Browne a total of $50,000 to secure the purchase of the forty (40) lower level endzone tickets.

15.     Between January 9, 2020 and January 21, 2020, Rodriguez and Max Leppselter, on behalf of Steel Media, wired to Browne the balance for the forty (40) lower level endzone tickets, to-wit, the remaining sum of $130,000.00, for a total of $180,000.00.

16.     Between January 19 and 20, 2020, Lewis requested that Steel Media put him up at the Lowe's hotel in Miami Beach, and represented to Rodriguez that he can supply yet additional Super Bowl tickets. Lewis then requested an additional night at the Lowes Hotel. Steel Media provided these accommodations in furtherance of obtaining the tickets, and paid for four nights for two rooms at the Lowe's hotel at a cost of $13,478.

17.     On January 22, 2020, Browne confirmed the wires, and informed that he would be providing the ticket locations by January 24, 2020.

18.     On or about January 20, 2020, Plaintiff wired an additional $27,500, and, subsequently, on January 24, 2020, an additional $39,000 to Lewis, for an additional ten (10) Super Bowl tickets at different locations in the stadium (for a total of 50 tickets requested by Steel Media and promised by Defendants).

19.     As of January 24, 2020, Defendants did not provide any tickets or ticket locations.

20.     On January 28, 2020, Browne stopped responding to Plaintiff. Lewis then met with Plaintiff. During this meeting, Lewis represented to Plaintiff that Browne and Lewis were

3

34.     At all relevant times, Browne and Lewis made misrepresentations to Rodriguez, Max Leppselter and Russell Piekarsky, all on behalf of Steel Media, of material facts, including the strength of their "contacts" at the NFL; their ability to procure the most desirable lower level Super Bowl tickets; their ability to procure high volumes of such desirable Super Bowl tickets; and their intent to in fact supply such tickets to Steel Media.

35.     Steel Media was forced to inform multiple clients that Steel Media would be unable to fulfill their orders, causing substantial losses in future business opportunities and reputation as a direct and proximate cause of Defendants' actions as described herein above.

36.     All conditions precedent have been satisfied or waived.

## COUNT I – FRAUD IN THE INDUCEMENT

37.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     The Defendants made various misrepresentations to the Plaintiffs of material facts.

39.     The Defendants' misrepresentations were of material facts including the strength of their "contacts" at the NFL; their ability to procure the most desirable lower level Super Bowl tickets; their ability to procure high volumes of such desirable Super Bowl tickets; and their intent to in fact supply such tickets to Steel Media.

40.     The Defendants' misrepresentations were made with specific statements made during meetings, phone calls and text messages as described herein above.

41.     The Defendants intentionally made such misrepresentations, with the intent to obtain funds from the Plaintiff and convert such funds for Defendants' own use.

42.     The Plaintiff reasonably relied on Defendants' misrepresentations, and, based upon such reliance, remitted substantial funds to the Defendants by wire transfer.

43.     As a result, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court enter an order awarding damages against the Defendants, and such other remedies as this court may deem just and proper under the circumstances.

## COUNT II – UNJUST ENRICHMENT

44.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

45.     The Plaintiff has conferred a benefit on the Defendants, who have knowledge of such benefit.

46.     The Defendants voluntarily accepted the benefit conferred by Plaintiff, and retained such benefits.

47.     The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying the value thereof to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court enter an order awarding damages against the Defendants, and such other remedies as this court may deem just and proper under the circumstances.

## COUNT III– CIVIL THEFT

48.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

49.     Defendants obtained and/or used $129,500 of Plaintiff's money without ever intending to supply Plaintiff with the highly valuable Super Bowl tickets.

50.     Defendant unlawfully and knowingly used or endeavor to use Plaintiff's money and intentionally deprived or endeavor to deprive Plaintiff of its money with the intent to temporarily

7

or permanently deprive Plaintiff of its right to the money and benefit thereof, all for Defendant's own use, or the use of any person not entitled thereto, in violation of Fla. Stat. § 812.014.

51.     As a direct and proximate cause of Defendant's unlawful actions, Plaintiff was and continues to be deprived of its right to its property and the benefit therefrom, and has suffered damages in the minimum amount of $129,500, exclusive of consequential damages.

52.     Fla. Stat. § 772.11, authorizes the recovery of threefold the actual damages sustained as well as attorney's fees and costs at the trial and appellate levels.

53.     Defendant has been provided with notice and demand for payment in according with Fla. Stat. § 772.11. *See* Ex. A.

**WHEREFORE**, Plaintiff seeks treble damages, court costs and all reasonable attorney's fees, and any further relief the Court deems just and proper.

Dated: March 8, 2022

Respectfully submitted,

**RECALDE LAW FIRM, P.A.**
*Attorneys for Plaintiff*
1815 Purdy Avenue
Miami Beach, FL 33139
Ph: 305-792-9100
By:  /s/ Rafael Recalde
Rafael Recalde, Esq.
FBN: 60040
Primary Email: rafael#@recaldelaw.com
Secondary Email: geremy@recaldelaw.com

8

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,
    Plaintiff,

CASE NO: 2022-004411-CA-01

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

    Defendants

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on the Defendant as follows:

**RICHIE BROWNE**
**701 The Hamptons Lane**
**Chesterfield, MO 63017**

DATED on this _____ day of April, 2022.


CLERK OF THE CIRCUIT COURT


By_____ As Deputy Clerk



## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

1

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the Plaintiffs' attorney named below.

## IMPORTANTE

Usted ha sidodemandadolegalmente. Tiene 20 dias, contados a partir del recibo de estanotificacion, para contestar la demandaadjunta, porescrito, y presentarla ante este tribunal. Unallamadatelefonica no lo protegera. Si usteddesea que el tribunal consideresudefensa, debepresentarsurepuestaporescrito, incluyendo el numerodelcaso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudieseperder el caso y podriaserdespojado de susingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotrosrequisitoslegales. Si lo desea, ustedpuedeconsultar a unabogadoimmediatamente. Si non conoce a unabogado, puedellamar a una de las oficinas de asistencia legal que aparecenenen la guiatelefonica.

Si desea responder a la demandaporsucuenta, al mismotiempoen que presentasurespuesta ante el tribunal, deberaustedenviarporcorreo o entregarunacopia de surespuesta a la persona denominadaabajocomo "Plaintiff's Attorney" (Demandante o Abogado del Demanadante).

## IMPORTANT

Des poursuitesjudiciaresonteteentreprisescontrevous. Vousavez 20 joursconsecutifs a partir de la date de l'assignation de cette citation pour deposer unereponseecrite a la plainte ci-jointeaupres de ce Tribunal. Un simple coup de telephone estinsuffisant pour vousproteger; vousetes oblige de deposer votrereponseecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommeesici, sivoussouhaitezque le Tribunal entendevotre cause. Si vous ne deposezsouhaitezque le Tribunal entendevotre cause. Si vous ne deposez pas votrereponseecritedans le relairequis, vousresquez de perdre la sauseainsiquevotresalaire, votre argent, etvosbienspeuventetresaisis par la suite, sans aucunpreavisulterieur du Tribunal. Il y a d'autres obligations juridiques et vouspouvezrequerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vouspourrieztelephoner a un service de reference d' avocatsou a un bureau d'assistancejuridique (figurant a l'annuaire de telephones).

Si vouschoisissez de deposer vous-meme unereponseecrite, ilvousfaudraegalement, en meme temps quecetteformalite, faire parvenirouexpedierunecopie de votrereponseecrite au "Plaintiff's Attorney" (Plaignantou a son avocat) nomme ci-dessous.

**RECALDE LAW FIRM, P.A.**
**Attorneys for Plaintiff**
**1815 Purdy Avenue**
**Miami Beach, FL 33139**
**Tel: (305) 792-9100**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:

STEEL MEDIA GROUP, LLC,
    Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

    Defendants

_____/

## **COMPLAINT**

Plaintiff, STEEL MEDIA GROUP, LLC ("STEEL MEDIA" or "Plaintiff"), by and through their undersigned attorneys, sue Defendants HAROLD LEWIS, an individual ("Lewis"), and RICHIE BROWNE, an individual ("Browne") (collectively, "Defendants") and alleges as follows:

## **JURISDICTION AND VENUE**

1.    STEEL MEDIA is a Florida limited liability company with principal place of business in Miami, Florida.

2.    Defendant LEWIS is an individual, over the age of 18, and is otherwise sui juris.

3.    Defendant BROWNE is an individual, over the age of 18, and is otherwise sui juris.

4.    Venue is proper in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida because the actions, facts, events and representations that gave rise to this cause of action occurred in Miami, Florida.

5.    This is a cause of action for, inter alia, damages caused by Defendants arising out of transactions and representations made in Miami-Dade County, Florida.

6.     The Plaintiffs seeks damages in excess of $30,000, exclusive of costs, legal fees and interests.

7.     All conditions precedent to the filing of this action have occurred, are deemed waived, excused, or are otherwise satisfied.

8.     The Plaintiffs have retained the Recalde Law Firm, P.A. to represent them in the prosecution of this action and are obligated to pay said law firm a reasonable fee for its services.

## NATURE OF THE ACTION

9.     This is an action for fraud, unjust enrichment, conversion, and civil theft, against the Defendants stemming from Defendants' fraudulent misrepresentations made by the Defendants to the Plaintiff in connection with a sale of tickets to the National Football League ("NFL")'s Super Bowl LIV sporting event (the "Super Bowl").

## GENERAL ALLEGATIONS

10.    On or about December 17, 2019, non-party Luis Rodriguez, the principal of Steel Media Group, LLC, held a telephone call with Browne and Lewis, during which call Browne and Lewis represented to Rodriguez that they could supply Steel Media with forty (40) Super Bowl tickets, and that those tickets were located in the stadium's lower level endzone.

11.    During the December 17, 2019 call, Browne and Lewis further represented to Rodriguez that, if Steel Media were to acquire all forty (40) lower level endzone Super Bowl tickets, at $4,500 per ticket, Browne and Lewis would be able to procure an additional fifty to one hundred (50 – 100) *additional* lower level Super Bowl tickets.

12.    Browne and Lewis represented that they were able to secure these unique and valuable Super Bowl tickets because of Browne's high position within the Anheuser-Busch organization, and contacts within the National Football League ("NFL") organization.

2

13.     Lewis and Browne formed a text-message group with Rodriguez, in which Browne provided Rodriguez with wire instructions in order for Rodriguez to send the funds for the ticket purchase.

14.     On or about December 30, 2019, Rodriguez and Maxx Leppselter, on behalf of Steel Media, sent Browne a total of $50,000 to secure the purchase of the forty (40) lower level endzone tickets.

15.     Between January 9, 2020 and January 21, 2020, Rodriguez and Max Leppselter, on behalf of Steel Media, wired to Browne the balance for the forty (40) lower level endzone tickets, to-wit, the remaining sum of $130,000.00, for a total of $180,000.00.

16.     Between January 19 and 20, 2020, Lewis requested that Steel Media put him up at the Lowe's hotel in Miami Beach, and represented to Rodriguez that he can supply yet additional Super Bowl tickets. Lewis then requested an additional night at the Lowes Hotel. Steel Media provided these accommodations in furtherance of obtaining the tickets, and paid for four nights for two rooms at the Lowe's hotel at a cost of $13,478.

17.     On January 22, 2020, Browne confirmed the wires, and informed that he would be providing the ticket locations by January 24, 2020.

18.     On or about January 20, 2020, Plaintiff wired an additional $27,500, and, subsequently, on January 24, 2020, an additional $39,000 to Lewis, for an additional ten (10) Super Bowl tickets at different locations in the stadium (for a total of 50 tickets requested by Steel Media and promised by Defendants).

19.     As of January 24, 2020, Defendants did not provide any tickets or ticket locations.

20.     On January 28, 2020, Browne stopped responding to Plaintiff. Lewis then met with Plaintiff.  During this meeting, Lewis represented to Plaintiff that Browne and Lewis were

3

exchanging text messages regarding the procurement of the tickets through their "contacts" at the NFL.

21.     As of January 28, 2020, Defendants provided only 6 out of the 10 additional Super Bowl tickets, but none of the 40 lower level endzone tickets originally promised.

22.     Because Defendants failed to provide any of the lower level endzone tickets as promised, on January 29, 2020, Steel Media was forced to make arrangements to fulfill orders previously promised to their customers. In particular, Steel Media was forced to purchase box seating ("living room box") directly from the Miami Dolphins, at a cost of $120,000.00, in order to fulfill orders previously promised to Steel Media's customers on reliance upon Lewis and Browne's representations.

23.     Additionally, on January 30, 2020, Steel Media was forced to purchase a "Cabana Suite" from the Miami Dolphins, at a cost of $180,000.00, in order to fulfill additional commitments that Steel Media made to customers in reliance upon Browne and Lewis's representations.

24.     Additionally, Steel Media was sued by a client and was forced to reimburse the customer $40,000.00 based upon the inability to fulfill such customer's order caused by Browne and Lewis's failure to procure and provide tickets to Steel Media as promised.

25.     At this point, Steel Media incurred losses from the purchase of replacement seating arrangements, as well as from the funds wired to Browne and Lewis.

26.     On January 31, 2020, Browne provided Plaintiff with 8 lower level endzone tickets out of the initial 40 tickets requested, and 4 tickets located in another area of the stadium.

27.     On or about February 1, 2020, Browne contacted non-party Luis Rodriguez, the principal of Steel Media Group, LLC, via the video-call software "Facetime", to inform Rodriguez

4

that Browne had at least one hundred (100) Super Bowl tickets in his possession, and, during that call, showed to Mr. Rodriguez tickets purporting to be the Super Bowl tickets that Mr. Browne would make available for Steel Media.

28.     Later that evening, around 7 pm on February 1, 2020, Browne provided another 6 lower level endzone seats, and 2 seats in another area of the stadium.

29.     Around 9 pm on February 1, 2020, Browne provided an additional 16 tickets, 12 of which were lower level endzone tickets and 4 were located in other areas of the stadium.

30.     Later that same evening, Lewis provided 2 additional tickets, which were not lower level endzone tickets.

31.     Thus, as of February 1, 2020, being the day before the Super Bowl, Steel Media received 38 tickets in total, 26 of which were lower level endzone tickets as originally promised by Defendants, 14 of which were located in other areas of the stadium. However, because the tickets were provided at the last minute, Plaintiff already had to make other arrangements to accommodate their customers at great additional expense, as explained more fully above.

32.     The following morning, on February 2, 2020 (the day of the Super Bowl), Steel Media was forced to pay an additional $27,000 to a ticket broker named Jake Lindmark in order to fulfill a ticket order to another customer of Steel Media. At this time, Plaintiff discovered that Defendants did not have an NFL contact at all, but rather, were purchasing tickets from Mr. Lindmark.

33.     That same morning, on February 2, 2020, Steel Media had to pay an additional $70,000 in order to obtain 6 tickets to fulfill the remaining ticket orders needed for Steel Media's customers.

34.     At all relevant times, Browne and Lewis made misrepresentations to Rodriguez, Max Leppselter and Russell Piekarsky, all on behalf of Steel Media, of material facts, including the strength of their "contacts" at the NFL; their ability to procure the most desirable lower level Super Bowl tickets; their ability to procure high volumes of such desirable Super Bowl tickets; and their intent to in fact supply such tickets to Steel Media.

35.     Steel Media was forced to inform multiple clients that Steel Media would be unable to fulfill their orders, causing substantial losses in future business opportunities and reputation as a direct and proximate cause of Defendants' actions as described herein above.

36.     All conditions precedent have been satisfied or waived.

## COUNT I – FRAUD IN THE INDUCEMENT

37.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     The Defendants made various misrepresentations to the Plaintiffs of material facts.

39.     The Defendants' misrepresentations were of material facts including the strength of their "contacts" at the NFL; their ability to procure the most desirable lower level Super Bowl tickets; their ability to procure high volumes of such desirable Super Bowl tickets; and their intent to in fact supply such tickets to Steel Media.

40.     The Defendants' misrepresentations were made with specific statements made during meetings, phone calls and text messages as described herein above.

41.     The Defendants intentionally made such misrepresentations, with the intent to obtain funds from the Plaintiff and convert such funds for Defendants' own use.

42.     The Plaintiff reasonably relied on Defendants' misrepresentations, and, based upon such reliance, remitted substantial funds to the Defendants by wire transfer.

6

43.     As a result, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court enter an order awarding damages against the Defendants, and such other remedies as this court may deem just and proper under the circumstances.

## COUNT II – UNJUST ENRICHMENT

44.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

45.     The Plaintiff has conferred a benefit on the Defendants, who have knowledge of such benefit.

46.     The Defendants voluntarily accepted the benefit conferred by Plaintiff, and retained such benefits.

47.     The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying the value thereof to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court enter an order awarding damages against the Defendants, and such other remedies as this court may deem just and proper under the circumstances.

## COUNT III– CIVIL THEFT

48.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

49.     Defendants obtained and/or used $129,500 of Plaintiff's money without ever intending to supply Plaintiff with the highly valuable Super Bowl tickets.

50.     Defendant unlawfully and knowingly used or endeavor to use Plaintiff's money and intentionally deprived or endeavor to deprive Plaintiff of its money with the intent to temporarily

7

or permanently deprive Plaintiff of its right to the money and benefit thereof, all for Defendant's own use, or the use of any person not entitled thereto, in violation of Fla. Stat. § 812.014.

51.     As a direct and proximate cause of Defendant's unlawful actions, Plaintiff was and continues to be deprived of its right to its property and the benefit therefrom, and has suffered damages in the minimum amount of $129,500, exclusive of consequential damages.

52.     Fla. Stat. § 772.11, authorizes the recovery of threefold the actual damages sustained as well as attorney's fees and costs at the trial and appellate levels.

53.     Defendant has been provided with notice and demand for payment in according with Fla. Stat. § 772.11. *See* Ex. A.

**WHEREFORE**, Plaintiff seeks treble damages, court costs and all reasonable attorney's fees, and any further relief the Court deems just and proper.

<u>Dated</u>: March 8, 2022

Respectfully submitted,

> **RECALDE LAW FIRM, P.A.**
> *Attorneys for Plaintiff*
> 1815 Purdy Avenue
> Miami Beach, FL 33139
> Ph: 305-792-9100
> By:  /s/ Rafael Recalde
> Rafael Recalde, Esq.
> FBN: 60040
> Primary Email: rafael#@recaldelaw.com
> Secondary Email: geremy@recaldelaw.com

**EXHIBIT C**

Filing # 145320781 E-Filed 03/08/2022 05:03:19 PM

### FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Steel Media Group, LLC</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Harold Lewis, Richie Browne</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
       ☐ Residential Evictions
       ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>3</u>

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Rafael Recalde</u>           Fla. Bar # <u>60040</u>
      Attorney or party                  (Bar # if attorney)

<u>Rafael Recalde</u>             <u>03/08/2022</u>
(type or print name)           Date

Filing # 145320781 E-Filed 03/08/2022 05:03:19 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:

STEEL MEDIA GROUP, LLC,
     Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

     Defendants
_____/

## **COMPLAINT**

Plaintiff, STEEL MEDIA GROUP, LLC ("STEEL MEDIA" or "Plaintiff"), by and through their undersigned attorneys, sue Defendants HAROLD LEWIS, an individual ("Lewis"), and RICHIE BROWNE, an individual ("Browne") (collectively, "Defendants") and alleges as follows:

## **JURISDICTION AND VENUE**

1.     STEEL MEDIA is a Florida limited liability company with principal place of business in Miami, Florida.

2.     Defendant LEWIS is an individual, over the age of 18, and is otherwise sui juris.

3.     Defendant BROWNE is an individual, over the age of 18, and is otherwise sui juris.

4.     Venue is proper in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida because the actions, facts, events and representations that gave rise to this cause of action occurred in Miami, Florida.

5.     This is a cause of action for, inter alia, damages caused by Defendants arising out of transactions and representations made in Miami-Dade County, Florida.

6.      The Plaintiffs seeks damages in excess of $30,000, exclusive of costs, legal fees and interests.

7.      All conditions precedent to the filing of this action have occurred, are deemed waived, excused, or are otherwise satisfied.

8.      The Plaintiffs have retained the Recalde Law Firm, P.A. to represent them in the prosecution of this action and are obligated to pay said law firm a reasonable fee for its services.

## NATURE OF THE ACTION

9.      This is an action for fraud, unjust enrichment, conversion, and civil theft, against the Defendants stemming from Defendants' fraudulent misrepresentations made by the Defendants to the Plaintiff in connection with a sale of tickets to the National Football League ("NFL")'s Super Bowl LIV sporting event (the "Super Bowl").

## GENERAL ALLEGATIONS

10.     On or about December 17, 2019, non-party Luis Rodriguez, the principal of Steel Media Group, LLC, held a telephone call with Browne and Lewis, during which call Browne and Lewis represented to Rodriguez that they could supply Steel Media with forty (40) Super Bowl tickets, and that those tickets were located in the stadium's lower level endzone.

11.     During the December 17, 2019 call, Browne and Lewis further represented to Rodriguez that, if Steel Media were to acquire all forty (40) lower level endzone Super Bowl tickets, at $4,500 per ticket, Browne and Lewis would be able to procure an additional fifty to one hundred (50 – 100) *additional* lower level Super Bowl tickets.

12.     Browne and Lewis represented that they were able to secure these unique and valuable Super Bowl tickets because of Browne's high position within the Anheuser-Busch organization, and contacts within the National Football League ("NFL") organization.

13.     Lewis and Browne formed a text-message group with Rodriguez, in which Browne provided Rodriguez with wire instructions in order for Rodriguez to send the funds for the ticket purchase.

14.     On or about December 30, 2019, Rodriguez and Maxx Leppselter, on behalf of Steel Media, sent Browne a total of $50,000 to secure the purchase of the forty (40) lower level endzone tickets.

15.     Between January 9, 2020 and January 21, 2020, Rodriguez and Max Leppselter, on behalf of Steel Media, wired to Browne the balance for the forty (40) lower level endzone tickets, to-wit, the remaining sum of $130,000.00, for a total of $180,000.00.

16.     Between January 19 and 20, 2020, Lewis requested that Steel Media put him up at the Lowe's hotel in Miami Beach, and represented to Rodriguez that he can supply yet additional Super Bowl tickets. Lewis then requested an additional night at the Lowes Hotel. Steel Media provided these accommodations in furtherance of obtaining the tickets, and paid for four nights for two rooms at the Lowe's hotel at a cost of $13,478.

17.     On January 22, 2020, Browne confirmed the wires, and informed that he would be providing the ticket locations by January 24, 2020.

18.     On or about January 20, 2020, Plaintiff wired an additional $27,500, and, subsequently, on January 24, 2020, an additional $39,000 to Lewis, for an additional ten (10) Super Bowl tickets at different locations in the stadium (for a total of 50 tickets requested by Steel Media and promised by Defendants).

19.     As of January 24, 2020, Defendants did not provide any tickets or ticket locations.

20.     On January 28, 2020, Browne stopped responding to Plaintiff. Lewis then met with Plaintiff. During this meeting, Lewis represented to Plaintiff that Browne and Lewis were

3

exchanging text messages regarding the procurement of the tickets through their "contacts" at the NFL.

21.     As of January 28, 2020, Defendants provided only 6 out of the 10 additional Super Bowl tickets, but none of the 40 lower level endzone tickets originally promised.

22.     Because Defendants failed to provide any of the lower level endzone tickets as promised, on January 29, 2020, Steel Media was forced to make arrangements to fulfill orders previously promised to their customers. In particular, Steel Media was forced to purchase box seating ("living room box") directly from the Miami Dolphins, at a cost of $120,000.00, in order to fulfill orders previously promised to Steel Media's customers on reliance upon Lewis and Browne's representations.

23.     Additionally, on January 30, 2020, Steel Media was forced to purchase a "Cabana Suite" from the Miami Dolphins, at a cost of $180,000.00, in order to fulfill additional commitments that Steel Media made to customers in reliance upon Browne and Lewis's representations.

24.     Additionally, Steel Media was sued by a client and was forced to reimburse the customer $40,000.00 based upon the inability to fulfill such customer's order caused by Browne and Lewis's failure to procure and provide tickets to Steel Media as promised.

25.     At this point, Steel Media incurred losses from the purchase of replacement seating arrangements, as well as from the funds wired to Browne and Lewis.

26.     On January 31, 2020, Browne provided Plaintiff with 8 lower level endzone tickets out of the initial 40 tickets requested, and 4 tickets located in another area of the stadium.

27.     On or about February 1, 2020, Browne contacted non-party Luis Rodriguez, the principal of Steel Media Group, LLC, via the video-call software "Facetime", to inform Rodriguez

that Browne had at least one hundred (100) Super Bowl tickets in his possession, and, during that call, showed to Mr. Rodriguez tickets purporting to be the Super Bowl tickets that Mr. Browne would make available for Steel Media.

28.    Later that evening, around 7 pm on February 1, 2020, Browne provided another 6 lower level endzone seats, and 2 seats in another area of the stadium.

29.    Around 9 pm on February 1, 2020, Browne provided an additional 16 tickets, 12 of which were lower level endzone tickets and 4 were located in other areas of the stadium.

30.    Later that same evening, Lewis provided 2 additional tickets, which were not lower level endzone tickets.

31.    Thus, as of February 1, 2020, being the day before the Super Bowl, Steel Media received 38 tickets in total, 26 of which were lower level endzone tickets as originally promised by Defendants, 14 of which were located in other areas of the stadium. However, because the tickets were provided at the last minute, Plaintiff already had to make other arrangements to accommodate their customers at great additional expense, as explained more fully above.

32.    The following morning, on February 2, 2020 (the day of the Super Bowl), Steel Media was forced to pay an additional $27,000 to a ticket broker named Jake Lindmark in order to fulfill a ticket order to another customer of Steel Media. At this time, Plaintiff discovered that Defendants did not have an NFL contact at all, but rather, were purchasing tickets from Mr. Lindmark.

33.    That same morning, on February 2, 2020, Steel Media had to pay an additional $70,000 in order to obtain 6 tickets to fulfill the remaining ticket orders needed for Steel Media's customers.

34.     At all relevant times, Browne and Lewis made misrepresentations to Rodriguez, Max Leppselter and Russell Piekarsky, all on behalf of Steel Media, of material facts, including the strength of their "contacts" at the NFL; their ability to procure the most desirable lower level Super Bowl tickets; their ability to procure high volumes of such desirable Super Bowl tickets; and their intent to in fact supply such tickets to Steel Media.

35.     Steel Media was forced to inform multiple clients that Steel Media would be unable to fulfill their orders, causing substantial losses in future business opportunities and reputation as a direct and proximate cause of Defendants' actions as described herein above.

36.     All conditions precedent have been satisfied or waived.

## COUNT I – FRAUD IN THE INDUCEMENT

37.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     The Defendants made various misrepresentations to the Plaintiffs of material facts.

39.     The Defendants' misrepresentations were of material facts including the strength of their "contacts" at the NFL; their ability to procure the most desirable lower level Super Bowl tickets; their ability to procure high volumes of such desirable Super Bowl tickets; and their intent to in fact supply such tickets to Steel Media.

40.     The Defendants' misrepresentations were made with specific statements made during meetings, phone calls and text messages as described herein above.

41.     The Defendants intentionally made such misrepresentations, with the intent to obtain funds from the Plaintiff and convert such funds for Defendants' own use.

42.     The Plaintiff reasonably relied on Defendants' misrepresentations, and, based upon such reliance, remitted substantial funds to the Defendants by wire transfer.

43.     As a result, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court enter an order awarding damages against the Defendants, and such other remedies as this court may deem just and proper under the circumstances.

## COUNT II – UNJUST ENRICHMENT

44.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

45.     The Plaintiff has conferred a benefit on the Defendants, who have knowledge of such benefit.

46.     The Defendants voluntarily accepted the benefit conferred by Plaintiff, and retained such benefits.

47.     The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying the value thereof to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court enter an order awarding damages against the Defendants, and such other remedies as this court may deem just and proper under the circumstances.

## COUNT III– CIVIL THEFT

48.     The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

49.     Defendants obtained and/or used $129,500 of Plaintiff's money without ever intending to supply Plaintiff with the highly valuable Super Bowl tickets.

50.     Defendant unlawfully and knowingly used or endeavor to use Plaintiff's money and intentionally deprived or endeavor to deprive Plaintiff of its money with the intent to temporarily

7

or permanently deprive Plaintiff of its right to the money and benefit thereof, all for Defendant's own use, or the use of any person not entitled thereto, in violation of Fla. Stat. § 812.014.

51.     As a direct and proximate cause of Defendant's unlawful actions, Plaintiff was and continues to be deprived of its right to its property and the benefit therefrom, and has suffered damages in the minimum amount of $129,500, exclusive of consequential damages.

52.     Fla. Stat. § 772.11, authorizes the recovery of threefold the actual damages sustained as well as attorney's fees and costs at the trial and appellate levels.

53.     Defendant has been provided with notice and demand for payment in according with Fla. Stat. § 772.11. *See* Ex. A.

**WHEREFORE**, Plaintiff seeks treble damages, court costs and all reasonable attorney's fees, and any further relief the Court deems just and proper.

Dated: March 8, 2022

Respectfully submitted,

> **RECALDE LAW FIRM, P.A.**
> *Attorneys for Plaintiff*
> 1815 Purdy Avenue
> Miami Beach, FL 33139
> Ph: 305-792-9100
> By:  /s/ Rafael Recalde
> Rafael Recalde, Esq.
> FBN: 60040
> Primary Email: rafael#@recaldelaw.com
> Secondary Email: geremy@recaldelaw.com

Filing # 147465220 E-Filed 04/11/2022 04:05:54 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004411-CA-01

STEEL MEDIA GROUP, LLC,
     Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

     Defendants
_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this lawsuit on the Defendant as follows:

**HAROLD LEWIS**
**5 Lakeview Ct.**
**Lake St. Louis, MO 63367**

DATED on this _____ day of April, 2022.

CLERK OF THE CIRCUIT COURT

By_____ As Deputy Clerk

**IMPORTANT**

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached Complaint with the clerk of this court. A phone call will not
protect you. Your written response, including the case number given above and the names of the parties,
must be filed if you want the Court to hear your side of the case. If you do not file your response on time,
you may lose the case, and your wages, money, and property may thereafter be taken without further
warning from the Court. There are other legal requirements. You may call an attorney right away. If you
do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone
book).

1

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the Plaintiffs' attorney named below.

## IMPORTANTE

Usted ha sidodemandadolegalmente. Tiene 20 dias, contados a partir del recibo de estanotificacion, para contestar la demandaadjunta, porescrito, y presentarla ante este tribunal. Unallamadatelefonica no lo protegera. Si usteddesea que el tribunal consideresudefensa, debepresentarsurepuestaporescrito, incluyendo el numerodelcaso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudieseperder el caso y podriaserdespojado de susingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotrosrequisitoslegales. Si lo desea, ustedpuedeconsultar a unabogadoimmediatamente. Si non conoce a unabogado, puedellamar a una de las oficinas de asistencia legal que aparecenenen la guiatelefonica.

Si desea responder a la demandaporsucuenta, al mismotiempoen que presentasurespuesta ante el tribunal, deberaustedenviarporcorreo o entregarunacopia de surespuesta a la persona denominadaabajocomo "Plaintiff's Attorney" (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuitesjudiciaresonteteentreprisescontrevous. Vousavez 20 joursconsecutifs a partir de la date de l'assignation de cette citation pour deposer unereponseecrite a la plainte ci-jointeaupres de ce Tribunal. Un simple coup de telephone estinsuffisant pour vousproteger; vousetes oblige de deposer votrereponseecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommeesici, sivoussouhaitezque le Tribunal entendevotre cause. Si vous ne deposezsouhaitezque le Tribunal entendevotre cause. Si vous ne deposez pas votrereponseecritedans le relairequis, vousresquez de perdre la sauseainsiquevotresalaire, votre argent, etvosbienspeuventetresaisis par la suite, sans aucunpreavisulterieur du Tribunal. Il y a d'autres obligations juridiques et vouspouvezrequerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vouspourrieztelephoner a un service de reference d' avocatsou a un bureau d'assistancejuridique (figurant a l'annuaire de telephones).

Si vouschoisissez de deposer vous-meme unereponseecrite, ilvousfaudraegalement, en meme temps quecetteformalite, faire parvenirouexpedierunecopie de votrereponseecrite au "Plaintiff's Attorney" (Plaignantou a son avocat) nomme ci-dessous.

**RECALDE LAW FIRM, P.A.**
**Attorneys for Plaintiff**
**1815 Purdy Avenue**
**Miami Beach, FL 33139**
**Tel: (305) 792-9100**

Filing # 147465220 E-Filed 04/11/2022 04:05:54 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004411-CA-01

STEEL MEDIA GROUP, LLC,
     Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

     Defendants
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on the Defendant as follows:

**RICHIE BROWNE**
**701 The Hamptons Lane**
**Chesterfield, MO 63017**

DATED on this _____ day of April, 2022.

CLERK OF THE CIRCUIT COURT

By_____ As Deputy Clerk

## IMPORTANT

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

1

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the Plaintiffs' attorney named below.

## IMPORTANTE

Usted ha sidodemandadolegalmente. Tiene 20 dias, contados a partir del recibo de estanotificacion, para contestar la demandaadjunta, porescrito, y presentarla ante este tribunal.  Unallamadatelefonica no lo protegera. Si usteddesea que el tribunal consideresudefensa, debepresentarsurepuestaporescrito, incluyendo el numerodelcaso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudieseperder el caso y podriaserdespojado de susingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotrosrequisitoslegales.  Si lo desea, ustedpuedeconsultar a unabogadoimmediatamente. Si non conoce a unabogado, puedellamar a una de las oficinas de asistencia legal que aparecenenen la guiatelefonica.

Si desea responder a la demandaporsucuenta, al mismotiempoen que presentasurespuesta ante el tribunal, deberaustedenviarporcorreo o entregarunacopia de surespuesta a la persona denominadaabajocomo "Plaintiff's Attorney" (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuitesjudiciaresonteteentreprisescontrevous.  Vousavez 20 joursconsecutifs a partir de la date de l'assignation de cette citation pour deposer unereponseecrite a la plainte ci-jointeaupres de ce Tribunal. Un simple coup de telephone estinsuffisant pour vousproteger; vousetes oblige de deposer votrereponseecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommeesici, sivoussouhaitezque le Tribunal entendevotre cause.   Si vous ne deposezsouhaitezque le Tribunal entendevotre cause.  Si vous ne deposez pas votrereponseecritedans le relairequis, vousresquez de perdre la sauseainsiquevotresalaire, votre argent, etvosbienspeuventetresaisis par la suite, sans aucunpreavisulterieur du Tribunal. Il y a d'autres obligations juridiques et vouspouvezrequerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vouspourrieztelephoner a un service de reference d' avocatsou a un bureau d'assistancejuridique (figurant a l'annuaire de telephones).

Si vouschoisissez de deposer vous-meme unereponseecrite, ilvousfaudraegalement, en meme temps quecetteformalite, faire parvenirouexpedierunecopie de votrereponseecrite au "Plaintiff's Attorney" (Plaignantou a son avocat) nomme ci-dessous.

**RECALDE LAW FIRM, P.A.**
**Attorneys for Plaintiff**
**1815 Purdy Avenue**
**Miami Beach, FL 33139**
**Tel: (305) 792-9100**

Filing # 147465220 E-Filed 04/11/2022 04:05:54 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004411-CA-01

STEEL MEDIA GROUP, LLC,
    Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

    Defendants

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this lawsuit on the Defendant as follows:

**HAROLD LEWIS**
**5 Lakeview Ct.**
**Lake St. Louis, MO 63367**

4/14/2022

DATED on this _____ day of April, 2022.

CLERK OF THE CIRCUIT COURT

By_____ As Deputy Clerk

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached Complaint with the clerk of this court. A phone call will not
protect you. Your written response, including the case number given above and the names of the parties,
must be filed if you want the Court to hear your side of the case. If you do not file your response on time,
you may lose the case, and your wages, money, and property may thereafter be taken without further
warning from the Court. There are other legal requirements. You may call an attorney right away. If you
do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone
book).

1

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the Plaintiffs' attorney named below.

## IMPORTANTE

Usted ha sidodemandadolegalmente. Tiene 20 dias, contados a partir del recibo de estanotificacion, para contestar la demandaadjunta, porescrito, y presentarla ante este tribunal.  Unallamadatelefonica no lo protegera. Si usteddesea que el tribunal consideresudefensa, debepresentarsurepuestaporescrito, incluyendo el numerodelcaso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudieseperder el caso y podriaserdespojado de susingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotrosrequisitoslegales. Si lo desea, ustedpuedeconsultar a unabogadoimmediatamente. Si non conoce a unabogado, puedellamar a una de las oficinas de asistencia legal que aparecenenen la guiatelefonica.

Si desea responder a la demandaporsucuenta, al mismotiempoen que presentasurespuesta ante el tribunal, deberaustedenviarporcorreo o entregarunacopia de surespuesta a la persona denominadaabajocomo "Plaintiff's Attorney" (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuitesjudiciaresonteteentreprisescontrevous.  Vousavez 20 joursconsecutifs a partir de la date de l'assignation de cette citation pour deposer unereponseecrite a la plainte ci-jointeaupres de ce Tribunal. Un simple coup de telephone estinsuffisant pour vousproteger; vousetes oblige de deposer votrereponseecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommeesici, sivoussouhaitezque le Tribunal entendevotre cause.  Si vous ne deposezsouhaitezque le Tribunal entendevotre cause.  Si vous ne deposez pas votrereponseecritedans le relairequis, vousresquez de perdre la sauseainsiquevotresalaire, votre argent, etvosbienspeuventetresaisis par la suite, sans aucunpreavisulterieur du Tribunal.  Il y a d'autres obligations juridiques et vouspouvezrequerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vouspourrieztelephoner a un service de reference d' avocatsou a un bureau d'assistancejuridique (figurant a l'annuaire de telephones).

Si vouschoisissez de deposer vous-meme unereponseecrite, ilvousfaudraegalement, en meme temps quecetteformalite, faire parvenirouexpedierunecopie de votrereponseecrite au "Plaintiff's Attorney" (Plaignantou a son avocat) nomme ci-dessous.

**RECALDE LAW FIRM, P.A.**
**Attorneys for Plaintiff**
**1815 Purdy Avenue**
**Miami Beach, FL 33139**
**Tel: (305) 792-9100**

Filing # 147465220 E-Filed 04/11/2022 04:05:54 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004411-CA-01

STEEL MEDIA GROUP, LLC,
    Plaintiff,

v.

HAROLD LEWIS, an
individual; and RICHIE
BROWNE; an individual

    Defendants
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this lawsuit on the Defendant as follows:

**RICHIE BROWNE**
**701 The Hamptons Lane**
**Chesterfield, MO 63017**

            4/14/2022
DATED on this _____ day of April, 2022.

CLERK OF THE CIRCUIT COURT

By_____ As Deputy Clerk

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached Complaint with the clerk of this court. A phone call will not
protect you. Your written response, including the case number given above and the names of the parties,
must be filed if you want the Court to hear your side of the case. If you do not file your response on time,
you may lose the case, and your wages, money, and property may thereafter be taken without further
warning from the Court. There are other legal requirements. You may call an attorney right away. If you
do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone
book).

1

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail or take a copy of your written response to the Plaintiffs' attorney named below.

## IMPORTANTE

Usted ha sidodemandadolegalmente. Tiene 20 dias, contados a partir del recibo de estanotificacion, para contestar la demandaadjunta, porescrito, y presentarla ante este tribunal.  Unallamadatelefonica no lo protegera. Si usteddesea que el tribunal consideresudefensa, debepresentarsurepuestaporescrito, incluyendo el numerodelcaso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudieseperder el caso y podriaserdespojado de susingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotrosrequisitoslegales. Si lo desea, ustedpuedeconsultar a unabogadoimmediatamente. Si non conoce a unabogado, puedellamar a una de las oficinas de asistencia legal que aparecenenen la guiatelefonica.

Si desea responder a la demandaporsucuenta, al mismotiempoen que presentasurespuesta ante el tribunal,  deberaustedenviarporcorreo  o  entregarunacopia  de  surespuesta  a  la  persona denominadaabajocomo "Plaintiff's Attorney" (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuitesjudiciaresonteteentreprisescontrevous.  Vousavez 20 joursconsecutifs a partir de la date de l'assignation de cette citation pour deposer unereponseecrite a la plainte ci-jointeaupres de ce Tribunal. Un simple coup de telephone estinsuffisant pour vousproteger; vousetes oblige de deposer votrereponseecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommeesici, sivoussouhaitezque le Tribunal entendevotre cause.  Si vous ne deposezsouhaitezque le Tribunal entendevotre cause.  Si vous ne deposez pas votrereponseecritedans le relairequis, vousresquez de perdre la  sauseainsiquevotresalaire,  votre  argent,  etvosbienspeuventetresaisis  par  la  suite,  sans aucunpreavisulterieur du Tribunal.  Il y a d'autres obligations juridiques et vouspouvezrequerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vouspourrieztelephoner a un service de reference d' avocatsou a un bureau d'assistancejuridique (figurant a l'annuaire de telephones).

Si vouschoisissez de deposer vous-meme unereponseecrite, ilvousfaudraegalement, en meme temps quecetteformalite, faire parvenirouexpedierunecopie de votrereponseecrite au "Plaintiff's Attorney" (Plaignantou a son avocat) nomme ci-dessous.

**RECALDE LAW FIRM, P.A.**
**Attorneys for Plaintiff**
**1815 Purdy Avenue**
**Miami Beach, FL 33139**
**Tel: (305) 792-9100**

Filing # 150332786 E-Filed 05/25/2022 09:51:20 PM

IN THE CIRCUIT COURT OF THE ELEVETH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,

        Plaintiff,

vs.                                       Case No. 2022-004411-CA-01

HAROLD LEWIS and RICHIE
BROWNE,

        Defendants.

_____/

**NOTICE OF APPEARANCE & DESIGNATION OF
E-MAIL ADDRESSES PURSUANT TO FLA. R. JUD. ADMIN. 2.516**

PLEASE TAKE NOTICE that the undersigned counsel, James Tarquin, P.A., hereby

appears of counsel of record for Defendant, Harold Lewis, and, therefore, requests all interested

parties serve upon the undersigned true and correct copies of all pleadings, notices, and other

filings served upon any party to this civil action.

Furthermore, Defendant, Harold Lewis, hereby gives notice of his compliance with

Florida Rule of Judicial Administration 2.516, and request that all service on Defendant, Harold

Lewis, from this date forward, be provided in accordance with Rule 2.516.

Counsel for Defendant, Harold Lewis, hereby designates the following email addresses

for purpose of service of all documents required to be served thereunder:

Primary E-Mail:  tarquinlawoffice@aol.com

Secondary E-Mail:  JamesTarquinLawOffice@gmail.com

Dated:  May 25, 2022                          Respectfully submitted,


                                              / s / James Tarquin
                                              James P. Tarquin
                                              Florida Bar No. 906190
                                              JAMES P. TARQUIN, P.A.
                                              333 NW 3rd Avenue
                                              Ocala, Florida 34475
                                              Telephone: (352) 401-7671
                                              tarquinlawoffice@aol.com
                                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2022, I electronically filed the foregoing with the

Florida Courts E-Filing Portal which will deliver a copy to Rafael Recalde, Recalde Law Firm,

P.A., 1815 Purdy Avenue, Miami Beach, Florida 33139 at Rafael#@recaldelaw.com.


                                              / s / James Tarquin
                                              James Tarquin

Filing # 150332786 E-Filed 05/25/2022 09:51:20 PM

IN THE CIRCUIT COURT OF THE ELEVETH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,

          Plaintiff,

vs.                                          Case No. 2022-004411-CA-01

HAROLD LEWIS and RICHIE
BROWNE,

          Defendants.

_____/

## DEFENDANT HAROLD LEWIS' MOTION FOR ENLARGEMENT
## OF TIME TO SERVE RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, Harold Lewis (hereinafter "Defendant"), by and through his undersigned counsel, hereby submits Defendant Harold Lewis' Motion For Enlargement Of Time To Serve Response To Plaintiffs' Complaint. In support of his motion, Defendant states as follows:

1.     On or about May 12, 2022, Plaintiff, Steel Media Group, LLC (hereinafter "Plaintiff") served Defendant with a summons and a copy of the Complaint.

2.     Pursuant to Florida Rule of Civil Procedure 1.140(a), Defendant is required to file a responsive pleading to the Complaint on or before June 1, 2022. *See* FLA. R. CIV. P. 1.140(a) ("A defendant shall serve an answer within 20 days after service of original process and the initial pleading on the defendant[.]").

3.     Defendant has recently retained the undersigned attorney to defend his interests in this lawsuit. Presently, the undersigned attorney is in the process of receiving and reviewing information and material from Defendant needed to assist him in preparing an appropriate response to the Complaint. In order to provide the time necessary for inquiry and to prepare appropriate response to the Complaint, Defendant requests a twenty (20) day enlargement of time, up to and including June 21, 2022, to serve a response to the Complaint.

4.      Florida Rule of Civil Procedure 1.090(b) provides, in pertinent part, that:

When an act is required or allowed to be done at or within a specified time by
order of court, by these rules, or by notice given thereunder, for cause shown the
court at any time in its discretion (1) with or without notice, may order the period
enlarged if request is made before expiration of the period originally prescribed or
as extended by previous order.

FLA. R. CIV. P. 1.090(b).  Defendant has filed his request for an enlargement of time within the

time required for serving a response to the Complaint.

5.      If the Court grants the requested enlargement of time, Defendant's response to the

Complaint must be served on or before June 21, 2022.

6.      For the foregoing reasons, it would be an appropriate exercise of the Court's

discretion to grant the requested enlargement.

WHEREFORE, Defendant respectfully requests that the Court grant an enlargement of

time through June 21, 2022, for Defendant to serve his response to the Complaint.

Dated:  May 25, 2022

Respectfully submitted,


/ s / James Tarquin
James P. Tarquin
Florida Bar No. 906190
JAMES P. TARQUIN, P.A.
333 NW 3rd Avenue
Ocala, Florida 34475
Telephone: (352) 401-7671
tarquinlawoffice@aol.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2022, I electronically filed the foregoing with the

Florida Courts E-Filing Portal which will deliver a copy to Rafael Recalde, Recalde Law Firm,

P.A., 1815 Purdy Avenue, Miami Beach, Florida 33139 at Rafael#@recaldelaw.com.


/ s / James Tarquin
James Tarquin

IN THE CIRCUIT COURT OF THE ELEVETH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,

        Plaintiff,

vs.

                                            Case No. 2022-004411-CA-01

HAROLD LEWIS, an individual,
and RICHIE BROWNE, an individual,

        Defendants.

_____/

**ORDER GRANTING DEFENDANT HAROLD
LEWIS' MOTION FOR ENLARGEMENT OF TIME TO
<u>TO SERVE RESPONSE TO PLAINTIFF'S COMPLAINT</u>**

        Before the Court is Defendant Harold Lewis' Motion For Enlargement Of Time To Serve

Response To Plaintiff's Complaint, which was filed with the Court on May 25, 2022.

        ORDERED:   Defendant Harold Lewis' Motion For Enlargement Of Time To Serve

Response To Plaintiff's Complaint is granted.  Defendant Harold Lewis shall have until June 21,

2022 to serve a response to Plaintiff's Complaint.

IN THE CIRCUIT COURT OF THE ELEVETH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,

        Plaintiff,

vs.                                          Case No. 2022-004411-CA-01

HAROLD LEWIS and RICHIE
BROWNE,

        Defendants.
_____/

## DEFENDANT RICHIE BROWNE'S MOTION FOR ENLARGEMENT OF TIME TO SERVE RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, Richie Browne (hereinafter "Defendant"), by and through his undersigned counsel, hereby submits Defendant Richie Browne's Motion For Enlargement Of Time To Serve Response To Plaintiff's Complaint. In support of his motion, Defendant states as follows:

1.      On or about May 17, 2022, Plaintiff, Steel Media Group, LLC (hereinafter "Plaintiff") served Defendant with a summons and a copy of the Complaint.

2.      Pursuant to Florida Rule of Civil Procedure 1.140(a), Defendant is required to file a responsive pleading to the Complaint on or before June 6, 2022. See FLA. R. CIV. P. 1.140(a) ("A defendant shall serve an answer within 20 days after service of original process and the initial pleading on the defendant[.]").

3.      Defendant has recently retained the undersigned attorney to defend his interests in this lawsuit. Presently, the undersigned attorney is in the process of receiving and reviewing information and material from Defendant needed to assist him in preparing an appropriate response to the Complaint. In order to provide the time necessary for inquiry and to prepare appropriate response to the Complaint, Defendant requests a fifteen (15) day enlargement of time, up to and including June 21, 2022, to serve a response to the Complaint.

4.      Florida Rule of Civil Procedure 1.090(b) provides, in pertinent part, that:

When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request is made before expiration of the period originally prescribed or as extended by previous order.

FLA. R. CIV. P. 1.090(b).  Defendant has filed his request for an enlargement of time within the time required for serving a response to the Complaint.

5.      If the Court grants the requested enlargement of time, Defendant's response to the Complaint must be served on or before June 21, 2022.

6.      For the foregoing reasons, it would be an appropriate exercise of the Court's discretion to grant the requested enlargement.

WHEREFORE, Defendant respectfully requests that the Court grant an enlargement of time through June 21, 2022, for Defendant to serve his response to the Complaint.

Dated:  June 5, 2022                              Respectfully submitted,


                                                  / s / James Tarquin
                                                  James P. Tarquin
                                                  Florida Bar No. 906190
                                                  JAMES P. TARQUIN, P.A.
                                                  333 NW 3rd Avenue
                                                  Ocala, Florida 34475
                                                  Telephone: (352) 401-7671
                                                  tarquinlawoffice@aol.com
                                                  Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2022, I electronically filed the foregoing with the

Florida Courts E-Filing Portal which will deliver a copy to Rafael Recalde, Recalde Law Firm,

P.A., 1815 Purdy Avenue, Miami Beach, Florida 33139 at rafael@recaldelaw.com.


                                                  / s / James Tarquin
                                                  James Tarquin

g # 150874103 E-Filed 06/05/2022 10:30:10 PM

IN THE CIRCUIT COURT OF THE ELEVETH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,

           Plaintiff,

vs.                                Case No. 2022-004411-CA-01

HAROLD LEWIS and RICHIE
BROWNE,

           Defendants.
_____/

## NOTICE OF APPEARANCE & DESIGNATION OF
## E-MAIL ADDRESSES PURSUANT TO FLA. R. JUD. ADMIN. 2.516

PLEASE TAKE NOTICE that the undersigned counsel, James Tarquin, P.A., hereby

appears of counsel of record for Defendant, Richie Browne, and, therefore, requests all interested

parties serve upon the undersigned true and correct copies of all pleadings, notices, and other

filings served upon any party to this civil action.

Furthermore, Defendant, Richie Browne, hereby gives notice of his compliance with

Florida Rule of Judicial Administration 2.516, and request that all service on Defendant, Richie

Browne, from this date forward, be provided in accordance with Rule 2.516.

Counsel for Defendant, Richie Browne, hereby designates the following email addresses

for purpose of service of all documents required to be served thereunder:

Primary E-Mail: tarquinlawoffice@aol.com

Secondary E-Mail: JamesTarquinLawOffice@gmail.com

Dated:  June 5, 2022

Respectfully submitted,


/ s / James Tarquin
James P. Tarquin
Florida Bar No. 906190
JAMES P. TARQUIN, P.A.
333 NW 3rd Avenue
Ocala, Florida 34475
Telephone: (352) 401-7671
tarquinlawoffice@aol.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2022, I electronically filed the foregoing with the

Florida Courts E-Filing Portal which will deliver a copy to Rafael Recalde, Recalde Law Firm,

P.A., 1815 Purdy Avenue, Miami Beach, Florida 33139 at rafael@recaldelaw.com.


/ s / James Tarquin
James Tarquin

**EXHIBIT D**

# 2022 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L20000230278

**FILED**
**Mar 05, 2022**
**Secretary of State**
**2123415514CC**

**Entity Name:** STEEL MEDIA GROUP, LLC

**Current Principal  Place of Business:**

1221 BRICKELL AVENUE
SUITE 900
MIAMI, FL  33131

**Current Mailing Address:**

1221 BRICKELL AVENUE
SUITE 900
MIAMI, FL  33131  US

**FEI Number: 47-5172307**                    **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

MYCOMPANYWORKS, INC.
625 E. TWIGGS ST.
SUITE 1000
TAMPA, FL  33602  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:  ED T

03/05/2022

Electronic Signature of Registered Agent                                        Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | AMBR |
| Name | RODRIGUEZ, LUIS |
| Address | 717 LIBERTY AVE., APT 2301 |
| City-State-Zip: | PITTSBURGH  PA  15222 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: LUIS RODRIGUEZ                    MEMBER                    03/05/2022

Electronic Signature of Signing Authorized Person(s) Detail                                        Date

## 2021 FLORIDA LIMITED LIABILITY COMPANY REINSTATEMENT

DOCUMENT# L20000230278

**FILED**
**Oct 12, 2021**
**Secretary of State**
**1708128012CR**

**Entity Name:** STEEL MEDIA GROUP, LLC

**Current Principal Place of Business:**

1221 BRICKELL AVENUE
SUITE 900
MIAMI, FL 33131

**Current Mailing Address:**

1221 BRICKELL AVENUE
SUITE 900
MIAMI, FL 33131 US

**FEI Number:** 47-5172307

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

MYCOMPANYWORKS, INC.
625 E. TWIGGS ST.
SUITE 1000
TAMPA, FL 33602 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: ED T

10/12/2021

Electronic Signature of Registered Agent | Date

## Authorized Person(s) Detail :

| | |
|---|---|
| Title | AMBR |
| Name | RODRIGUEZ, LUIS |
| Address | 717 LIBERTY AVE., APT 2301 |
| City-State-Zip: | PITTSBURGH PA 15222 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: LUIS RODRIGUEZ

MANAGER

10/12/2021

Electronic Signature of Signing Authorized Person(s) Detail | Date

L200002302278

---

(Requestor's Name)

---

(Address)

---

(Address)   ,

---

(City/State/Zip/Phone #)

☐ PICK-UP   ☐ WAIT   ☐ MAIL

---

(Business Entity Name)

---

(Document Number)

Certified Copies _____   Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



000348938340

07/27/20--01043--025   **150.00

2020 JUL 23 AM 10: 56
SECRETARY OF STATE
TALLAHASSEE, FL
FILED

N CULLIGAN
AUG 1 0 2020

**COVER LETTER**

**TO:**   New Filing Section
Division of Corporations

**SUBJECT:** Steel Media Group, LLC
_____

(Name of Resulting Florida Limited Company)

The enclosed Articles of Conversion, Articles of Organization, and fees are submitted to convert an "Other Business Entity" into a "Florida Limited Liability Company" in accordance with s. 605.1045, F.S.

Please return all correspondence concerning this matter to:

Ed Tsuji
_____

(Contact Person)

MyCompanyWorks, Inc.
_____

(Firm/Company)

187 E. Warm Springs Road, Suite B
_____

(Address)

Las Vegas, NV 89119
_____

(City, State and Zip Code)

orders@mycompanyworks.com
_____

E-mail Address: (to be used for future annual report notifications)

For further information concerning this matter, please call:

Ed Tsuji                                          at ( 702      ) 362-2677
_____

(Name of Contact Person)                 (Area Code)   (Daytime Telephone Number)

Enclosed is a check for the following amount: (All checks processed by this office must be payable in US dollars and drawn on a bank located in the United States)

■ $150.00 Filing Fees     ☐ $155.00 Filing Fees     ☐ $180.00 Filing Fees     ☐ $185.00 Filing Fees,
($25 for Conversion        and Certificate of            and Certified Copy           Certified Copy, and
& $125 for Articles         Status                                                                 Certificate of Status
of Organization)

**Mailing Address:**                                    **Street Address:**
New Filing Section                                        New Filing Section
Division of Corporations                              Division of Corporations
P.O. Box 6327                                             The Centre of Tallahassee
Tallahassee, FL 32314                                2415 N. Monroe Street, Suite 810
                                                                    Tallahassee, FL 32303

INHS11 (7/17)

## Articles of Conversion
For
## "Other Business Entity"
Into
## Florida Limited Liability Company

FILED

2020 JUL 23  AM 10: 56

SECRETARY OF STATE
TALLAHASSEE, FL

The Articles of Conversion **and attached Articles of Organization** are submitted to convert the following **"Other Business Entity" into a Florida Limited Liability Company** in accordance with s.605.1045, Florida Statutes.

1. The name of the "Other Business Entity" immediately prior to the filing of the Articles of Conversion is:
Steel Media Group, LLC                                                          .
(Enter Name of Other Business Entity)

2. The "Other Business Entity" is a   Limited Liability Company
(Enter entity type. Example: corporation, limited partnership, general partnership, common law or business trust, etc.)

First organized, formed or incorporated under the laws of  Delaware
(Enter state, or if a non-U.S. entity, the name of the country)

on  09/22/2015                                           .
(date of organization, formation or incorporation)

3. The name of the Florida Limited Liability Company as set forth in the **attached Articles of Organization:**
Steel Media Group, LLC
(Enter Name of Florida Limited Liability Company)

4. If not effective on the date of filing, enter the effective date:_____.
**(The effective date: Cannot be prior to date of receipt or filed date nor more than 90 calendar days after the date this document is filed by the Florida Department of State.)**
**Note:** If the date inserted in this block does not meet the applicable statutory filing requirements, this date will not be listed as the document's effective date on the Department of State's records.

5. The plan of conversion has been approved in accordance with all applicable statutes.

6. The "Converted or Other Business Entity" has agreed to pay any members having appraisal rights the amount to which such members are entitled under ss. 605.1006 and 605.1061-605.1072, F.S.

Signed this <u>16th</u> day of <u>July</u> 20 <u>20</u>.

**Signature of Authorized Representative of Limited Liability Company:**

Signature of Authorized Representative: _____
Printed Name: Luis Rodriguez                        Title: Member _____

**Signature(s) on behalf of Other Business Entity:   [See below for required signature(s)]**

Signature: _____
Printed Name: Luis Rodriguez _____         Title: Member _____

Signature: _____
Printed Name: _____         Title: _____

Signature: _____
Printed Name: _____         Title: _____

Signature: _____
Printed Name: _____         Title: _____

Signature: _____
Printed Name: _____         Title: _____

Signature: _____
Printed Name: _____         Title: _____

**If Florida Corporation:**
Signature of Chairman, Vice Chairman, Director, or Officer.
If Directors or Officers have not been selected, an Incorporator must sign.

**If Florida General Partnership or Limited Liability Partnership:**
Signature of one General Partner.

**If Florida Limited Partnership or Limited Liability Limited Partnership:**
Signatures of **ALL** General Partners.

**All others:**
Signature of an authorized person.

Fees:

| | |
|---|---|
| Articles of Conversion: | $25.00 |
| Fees for Florida Articles of Organization: | $125.00 |
| Certified Copy: | $30.00 (Optional) |
| Certificate of Status: | $5.00 (Optional) |

# ARTICLES OF ORGANIZATION FOR FLORIDA LIMITED LIABILITY COMPANY

**ARTICLE I - Name:**
The name of the Limited Liability Company is:

Steel Media Group, LLC
_____
(Must contain the words "Limited Liability Company," "L.L.C." or "LLC.")

**ARTICLE II - Address:**
The mailing address and street address of the principal office of the Limited Liability Company is:

**Principal Office Address:**

199 E. Flagler St. #246
Miami, FL 33131

**Mailing Address:**

199 E. Flagler St. #246
Miami, FL 33131

**ARTICLE III - Registered Agent, Registered Office, & Registered Agent's Signature:**
(The Limited Liability Company cannot serve as its own Registered Agent. You must designate an individual or another business entity with an active Florida registration.)

The name and the Florida street address of the registered agent are:

InCorp Services, Inc.
_____
Name

17888 67th Court North
_____
Florida street address (P.O. Box **NOT** acceptable)

Loxahatchee                          FL  33470
_____
City                                Zip

*Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, F.S..*

Jennifer Peters, Assistant Secretary
_____
Registered Agent's Signature (REQUIRED)

**(CONTINUED)**

**ARTICLE IV-**

The name and address of each person authorized to manage and control the Limited Liability Company:

**Title:**                                          **Name and Address:**

"AMBR" = Authorized Member
"MGR" = Manager
AMBR

Luis Rodriguez
717 Liberty Ave., Apt. 2301
Pittsburgh PA 15222

(Use attachment if necessary)

**ARTICLE V:** Other provisions, if any.

**REQUIRED SIGNATURE**

**Signature of a member or an authorized representative of a member**

This document is executed in accordance with section 605.0203 (1) (b), Florida Statutes. I am aware that any false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.

Luis Rodriguez, Member

Typed or printed name of signee

**Filing Fees**

**$125.00 Filing Fee for Articles of Organization and Designation of Registered Agent**

**$ 30.00 Certified Copy (Optional)       $  5.00 Certificate of Status (Optional)**

**EXHIBIT E**

IN THE CIRCUIT COURT OF THE ELEVETH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STEEL MEDIA GROUP, LLC,

Plaintiff,

vs.                                                         Case No. 2022-004411-CA-01

HAROLD LEWIS, an individual,
and RICHIE BROWNE, an individual,

Defendants.

_____/

## **DEFENDANTS' NOTICE TO STATE COURT**
## **OF REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Harold Lewis, and Defendant, Richie Browne, (collectively "Defendants"), filed removal papers with the Clerk of the United States District Court for the Southern District of Florida, Miami Division, regarding the above-styled action, Case No. 2022-004411-CA-01. A copy of the Notice of Removal to Federal Court is attached as Exhibit A. The Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court for the Southern District of Florida.

Dated:  June 9, 2022

Respectfully submitted,

/ s / James Tarquin
James P. Tarquin
Florida Bar No. 906190
JAMES P. TARQUIN, P.A.
333 NW 3rd Avenue
Ocala, Florida 34470
Telephone: (352) 401-7671
tarquinlawoffice@aol.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2022, I electronically filed the foregoing with the

Florida Courts E-Filing Portal which will deliver a copy to Rafael Recalde, Recalde Law Firm,

P.A., 1815 Purdy Avenue, Miami Beach, Florida 33139 at rafael@recaldelaw.com.

/ s / James Tarquin
James Tarquin